UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN J. PIERCE,<br>Petitioner,<br>v.<br><br>LUIS SPENCER,<br>Respondent. | Civil Action No. 05-10292-RWZ |

## SUPPLEMENTAL APPENDIX

Respondent submits the following Supplemental Appendix in support of his motion to dismiss (Paper No. 2). The Supplemental Appendix contains the following documents:

**United States District Court, No. 04-CV-11273-RGS**

    A.    Memorandum and Order Transferring Case to First Circuit

**United States Court of Appeals for the First Circuit, No. 04-1816**

    B.    Mandate Denying Leave to File Second Petition

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
David M. Lieber (BBO# 653841)
Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2827

ATTORNEYS FOR RESPONDENT

Dated: May 9, 2005

## Certificate of Service

I certify that a true copy of the foregoing document was served upon the following, by placing the copy in the office receptacle for delivery by first class mail, today, May 9, 2005:

Brian J. Pierce
MCI Norfolk
P.O. Box 43
Norfolk, MA 02056-0073

_____
David M. Lieber

# TAB A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN J. PIERCE,             )
          Petitioner,        )
                             )  C.A. No. 04-11273-RGS
     v.                      )
                             )
LUIS SPENCER,                )
          Respondent.        )

MEMORANDUM AND ORDER

On June 7, 2004, Brian Pierce, an inmate at MCI Norfolk filed this Section 2254 habeas petition, an application to proceed without prepayment of fees, and motions for appointment of counsel and an evidentiary hearing. For the reasons stated below, I direct that this petition be transferred to the Court of Appeals for the First Circuit.

FACTS

Pierce challenges his 1993 conviction for second degree murder in Worcester Superior Court on several grounds, including "actual innocence" and ineffective assistance of counsel. Petition, p. 3. Pierce previously challenged his 1993 conviction in this Court in Pierce v. Hall, C.A. No. 00-10368-DPW. That action was dismissed as untimely on respondent's motion. Id. (Docket No. 15).

ANALYSIS

Section 2244(b)(3)(A) provides that:

Before a second or successive [habeas] application permitted by this section is filed in the district

D

> court, the applicant shall move in the appropriate
> court of appeals for an order authorizing the
> district court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added). The requirement that a motion to file a "second or successive" habeas petition be filed in the court of appeals is an allocation of subject-matter jurisdiction to that court, see United States v. Barrett, 178 F.3d 34, 41 (1st Cir. 1999), and this Court may not consider a second or successive habeas application absent proper authorization from the court of appeals. Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).

A petition is "second or successive" where a previous habeas petition has been decided on the merits. See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000) (citations omitted).[1] Because Pierce's Section 2254 petition was

---

[1] The First Circuit in Sustache-Rivera listed four situations in which a habeas petition would not be "second or successive" for the purposes of Section 2244: (1) the later petition raises the same grounds as a previous petition that was dismissed as premature; (2) a state prisoner's later petition raises the same grounds as a previous petition dismissed for failure to exhaust state remedies; (3) the earlier petition terminated without a judgment on the merits; or (4) the later petition attacks a different criminal judgment. Sustache-Rivera, 221 F.3d at 12-13. Although this list is not exclusive, Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000), at least one court in this district has held that the tenor of the Sustache-Rivera opinion and the case law from other circuits suggests that the First Circuit is unlikely to expand the limited list of exceptions to the second or successive bar. Gonzalez v. United States, 135 F. Supp. 2d 112, 120-121 (D. Mass. 2001), aff'd sub

decided as untimely, a decision on the merits, the instant petition is "second or successive." Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (a petition filed after a prior petition was dismissed as untimely is "second or successive" because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims); accord Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003) (although dismissal based upon the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA).[2]

A district court has the discretion to dismiss a "second or successive" habeas petition or transfer it to the Court of Appeals. Libby, 177 F.3d at 46; accord Gonzalez v. United States 135 F. Supp. 2d 112, 120 (D. Mass. 2001), aff'd sub

---

nom. Brackett v. United States, 270 F.3d 60 (1st Cir. 2001).

[2] Cf. Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").

3

nom. Brackett v. United States, 270 F.3d 60 (1st Cir. 2001); see generally First Circuit Local Rule 22.2.  I will transfer this petition to the First Circuit.[3]

### CONCLUSION

Based upon the foregoing, it is hereby ORDERED that this Section 2254 petition be TRANSFERRED to the Court of Appeals for the First Circuit pursuant to First Circuit Local Rule 22.2(e) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 14th day of _June_, 2004.

s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE

---

[3] Because I am transferring this action, I will not address petitioner's Application to Proceed Without Prepayment of Fees or his motions for appointment of counsel and an evidentiary hearing.

# TAB B

**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 04-1816

BRIAN J. PIERCE,

Petitioner,

v.

LUIS SPENCER, SUPERINTENDENT OF M.C.I. NORFOLK,

Respondent.

Before

Selya, Lynch and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered: July 28, 2004

Under the clear terms of 28 U.S.C. § 2244(b), the court lacks the authority to permit a second or successive habeas corpus application in this case. Leave to file such a petition in the district court is, therefore, <u>denied</u>. Petitioner's motion for appointment of counsel is <u>denied</u>.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]*
Deputy Clerk
Date: 9-8-04

By the Court:

RICHARD CUSHING DONOVAN
_____
Richard Cushing Donovan, Clerk.

[cc: Brian J. Pierce and Thomas F. Reilly, Esq.]

*Handwritten annotations: 04-11273 USDC/MA Stearns, J. E*