UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRIAN J. PIERCE,<br>Petitioner,<br><br>v.<br><br>LUIS SPENCER,<br>Respondent. | CIVIL ACTION No.<br>05-10292-RWZ |

### PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS

Petitioner moves, pursuant to 28 U.S.C. § 2241 (c) (3). That the Petition for habeas Corpus be heard on its merits as a first motion filed under 28 U.S.C. §2241, as stated in petitioner's 2241 motion and brief on file.

Federal Courts authority to provide collateral relief deriving from 28 U.S.C. §2241 (c) is clear and brings to light the fact that petitioner is in custody in violation of the Constitution of these United States, as petitioner has put forward overwhelmingly strong and clear evidence of being Actually Innocent of the crime stated in state court.

In the Interest of Justice, when a claim of Actual Innocence is put forward and can be substantiated clearly by the record, as in this case, a 28 U.S.C. 2241 Habeas Corpus motion can be filed as a gateway for a procedurally barred claim to be heard on its merits, see <u>Chambers V. United States</u>, 106 f. 3d 472, 475, (2nd Cir. 1997), supports that reading the new habeas provisions prohibition of successive petitions not to extend to petitions filed under different provisions. Successful challenges to the constitutionality of the habeas provision instead may be limited to cases in which a petitioner is able to make a strong showing of actual innocence. In such circumstances, one could make a substantive due process claim that continued incarceration of an innocent

individual, regardless any procedural default on the part of the individual, necessarily offends fundamental notions of justice.

The Respondent not only lacks the authority to deny this court its authority to rule, but is in clear error by claiming the court lacks subject matter jurisdiction to consider petitioners U.S.C. 2241 habeas corpus petition, respondents motion to dismiss clearly does not apply as this is petitioner's first 2241 habeas petition.

In TRIESTMAN V. UNITED STATES, 124 F.3d 361. at 366, 372-73, 380 (2nd Cir. 1997): the court noted that because triestman had previously filed a 2255 motion, were he to file a §2241 motion, it would be his first motion of that kind and there for not barred under 2244's limitation of successive petitions, the 3rd and 9th circuits have made similar holdings.

Furthermore, Respondent is also in error by stating this court has no authority to rule, due to the fact that this court could enact De Nova Review.  Failure to rule on the merits and exclusion of the autopsy report in state court, where the autopsy report completely disputes state's version of the crime, and proves actual innocence, is a fundamental unfairness that warrants a federal court in finding a violation of due process. The exclusion of the autopsy report is a constitutional error, see CARDWELL V. GREEN, 152 F.3d 331 (4th Cir. 1998)

The court in Cardwell determined that because of the bare record in the state court below, it had no choice but to ascertain independently without any deference to the states determination because the states determination was without any reasoned explanation - whether the petitioner was being held in violation of federal constitution.

In closing, the Respondent's motion to dismiss is in clear conflict

(3)

with federal laws governing 28 U.S.C. §2241 (c), 2244 (c) (b) and 2254 (c). All make clear that this is not only a first motion of its kind, but this court retains authority to rule on this cases merits stated in petitioner's brief on file with this honorable court.

Thank You for your time and consideration regarding this case.

May 17, 2005

Respectfully Submitted,

Brian J. Pierce
Pro Se Petitioner.