UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION 05-10292-RWZ

BRIAN J. PIERCE

v.

LUIS SPENCER

MEMORANDUM OF DECISION

July 28, 2006

ZOBEL, D.J.

In 1993, pro se petitioner Brian Pierce was convicted of second degree murder in state court. He now petitions this court for a writ of habeas corpus, seeking relief on the basis of actual innocence and ineffective assistance of counsel. Petitioner has apparently challenged his conviction in federal court on two prior occasions. The first petition was dismissed as untimely. See Pierce v. Hall, No. 00-10358-DPW (D. Mass. June 28, 2000). The second petition was deemed a "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A), and was transferred to the Court of Appeals,[1] which denied petitioner leave to file in the district court. See Pierce v. Spencer, No. 04-11273-RGS, slip op. at 2-4 (D. Mass. June 14, 2004); Pierce v. Spencer, No. 04-1816 (1st Cir. July 28, 2004). Respondent now moves to dismiss, arguing (1) that this is a "second or successive" petition that may not be filed without leave from the First Circuit; (2) that transfer would be futile since the First Circuit has already denied petitioner leave to file; and (3) that the petition should therefore be dismissed.

---

[1] A district court may either dismiss a "second or successive" petition or transfer it to the Court of Appeals. Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).

Petitioner argues that his petition should be heard "on its merits as a first motion filed under 28 U.S.C. § 2241." As several courts have held, however, a state habeas petitioner in custody pursuant to a state court conviction may not evade the restrictions set forth in 28 U.S.C. § 2254 by bringing his petition under § 2241 rather than § 2254. See, e.g., Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003). Just because petitioner has styled his current petition as a petition pursuant to § 2241, "it is the substance of the petition, rather than its form, that governs." Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003) (internal quotation marks omitted). A petition challenging a state court judgment may only bring habeas challenges under § 2254. Id. at 279. Petitioner cites Chambers v. United States, 106 F.3d 472 (2d Cir. 1997), but that case concerned the availability of habeas relief under § 2241 to a federal prisoner. As the Second Circuit expressly noted, the availability of § 2241 turned precisely upon the fact that § 2255 (the federal analog to § 2254) is "critically narrower" than § 2254, which is the only provision under which state court petitioners may bring habeas claims. Id. at 278.

Accordingly, the motion to dismiss (Docket #2) is allowed and the petition is dismissed.

| | |
|---|---|
|    07/28/06    <br> DATE | /s/ Rya W. Zobel <br> RYA W. ZOBEL <br> UNITED STATES DISTRICT JUDGE |

2